JOHN B. BURR AND G. M. HYDE, APPELLANTS, *v.* THE AMERICAN SPIRAL · SPRING BUTT COMPANY, RESPONDENT.

*Recitals in contract — when a compliance therewith, not essential to a recovery thereon.*

The plaintiffs and defendant entered into an agreement reciting that, "whereas said Burr & Co. are about to publish a book to be entitled "The Great Industries of the United States," which will be sold by subscription through their authorized agents in every State in the Union and in Canada; and, whereas in said work is to appear an article on Spiral Spring Butts, to occupy a space of six pages; now, therefore, in consideration of said Burr & Company so incorporating in said article, to the acceptance of said company, the name of said company, their biography, etc., and publishing the same in the forthcoming edition of the said work, said company agrees to pay to said Burr & Co. the sum of two cents for six pages of the said article, for each and every copy of said work sold by said Burr & Co."

*Held,* that it was not necessary to authorize a recovery by the plaintiffs, to show that the book had been sold by subscription, through their authorized agent, in every State in the Union and in Canada, but it was sufficient to show that copies had been sold by the plaintiffs themselves.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought upon a contract reciting "that whereas

said Burr & Co. are about to publish a book to be entitled "The Great Industries of the United States," which will be sold by subscription through their authorized agents in every State in the Union and in Canada, it is agreed by said Burr & Co. that said book shall contain from 720 to 1,000 pages, octavo, and that the selling price shall not exceed two dollars and fifty cents per copy. And whereas the prospectus of said work, together with certain exemplary articles or chapters, has been duly exhibited to and examined by said company, as presented by Burr & Co., or by their authorized agent, in which work is to appear an article on Spiral Spring Butts, to occupy a space of six pages as reading matter in the same style of type as shown in the said articles. Now, therefore, in consideration of said Burr & Co. so incorporating in said article, to the acceptance of said company, the name of said company, their biography, etc., and publishing the same in the forthcoming edition of the said work, said company agree to pay to said Burr & Co. the sum of two cents for six pages of the said article, for each and every copy of said work sold by said Burr & Co."

The referee found that the parties entered into the contract referred to, and set forth in the complaint; that pursuant to the said contract, defendants furnished to said plaintiffs and one Buck, then composing the firm of J. P. Burr & Co., an article for publication by them, in accordance with the said contract; that the said firm printed and published said article in the said book, under and pursuant to the said contract; that plaintiffs have not shown by their evidence that said book has been sold, through their authorized agents, in every State in the Union and in Canada; nor have they shown that the number of said books mentioned in their complaint has been sold by subscription through their authorized agents; nor have they shown that any number of said books has been so sold by subscription through their authorized agents, as in and by the terms of said contract provided, and he accordingly finds that such sales have not been made; and, as matter of law, found that plaintiffs were not entitled to recover.

*Charles Whelp*, for the appellants.

*Estes & Barnard,* for the respondent.

GILBERT, J.:

The referee placed his decision solely upon the ground, that the plaintiff had not shown that the book mentioned in the contract had been sold by the plaintiff's authorized agents in every State in the Union and in Canada, nor that the numbers of said book mentioned in their complaint had been sold by subscription through their authorized agents, nor that any number of books had been so sold by subscription by their authorized agents. It is evident that the referee has substituted one of the recitals in the contract for the operative part thereof. The contract after stating that "whereas the plaintiff's are about to publish a book, etc., etc., which will be sold by subscription through their authorized agents in every State of the Union and in Canada," and after reciting other facts not material to the question before us, provided that in consideration of the plaintiff's incorporating in said book an article to occupy a space of six pages as reading matter, containing the names of the defendants, their biography, etc., and of publishing the same in the forthcoming editions of said book; the defendants agreed to pay the plaintiff's the sum of two cents for six pages of the said article for each and every copy of said work sold by the plaintiffs. There is certainly nothing here that makes the sale by authorized agents, or a sale in every State of the Union and in Canada, a condition precedent to the liability of the defendants. Has the recital the effect of imposing on the plaintiffs such a condition, or of extending their obligation beyond the words of the contract? I apprehend not. No authority for such a proposition has been cited. The general rule is that where the words in the operative part of an instrument are clear and unambiguous, they cannot be controlled by the recitals. General words will in some cases be restrained by recitals, but in the interpretation of instruments recitals are used only for that purpose, and for the purpose of discovering the intention of the parties, and of fixing the true meaning of doubtful words. (*Walsh* v. *Trevanion,* 15 Q. B., 733, 751; *Beswick* v. *Swindells,* 3 A. & E., 868, 881; 1 Chit. Cont. [11th Am. ed.], 120 *et seq.*) There is no ambiguity in the words used in the operative part of the contract in this case.

The defendants agreed to pay two cents for six pages of the said article for each and every copy of the book sold by the plaintiffs. Sales by the plaintiffs personally are clearly comprehended in these words. Indeed such sales are the only kind designated by the actual meaning of the words, and yet the construction put on the contract by the referee would exclude them. Nor is there any reason to suppose that the parties intended the restricted construction adopted by the referee. The interest of both parties consisted in having the greatest number of books sold — that of the plaintiffs in order to realize the profits of publishers, and that of the defendants in order to secure the benefits of an extensive advertisement; hence the agreement that payment should be made in proportion to the number of sales. If the mode or place of selling had been in the contemplation of the parties as a substantive stipulation, it would have been appropriately expressed. The recital, probably, was inserted to show that the plaintiffs intended to sell the book by subscription, and to employ agents in every State and in Canada to procure subscriptions, but I see no ground whatever for the idea that the defendants were to be liable only for sales made by subscription obtained by their agents, or that no liability against them was to accrue unless sales were made in every State and in Canada.

For the error stated the judgment must be reversed, and a new trial at circuit granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed, and new trial granted at circuit, costs to abide event.